IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT WICHITA, KANSAS

M.D., A MINOR, BY HIS )
CO-GUARDIAN AND NEXT )
FRIEND, JAMES VANFOSSEN, )
                                       Plaintiff, )
   v. )   Case No.
     )
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, )
                                       Defendant. )

## **COMPLAINT**

Plaintiff, through attorneys J. Corey Sucher and Richard W. James of DeVaughn James Injury Lawyers and for his claims against Defendant, asserts and alleges:

1. Plaintiff is a citizen of the state of Kansas.

2. Defendant is a foreign corporation incorporated in the state of Illinois with its principal place of business also in the state of Illinois, and it may be served through the Kansas Commissioner of Insurance, at 1300 SW Arrowhead Road, Topeka, Kansas 66604.

3. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. This Court has proper venue and jurisdiction over the parties and subject matter.

5. On or about December 2, 2022, Plaintiff was operating a motor vehicle northbound on Road J/Prairie Street and attempting to travel through the South Avenue

intersection in Emporia, Lyon County, Kansas, when Jose Lopez-Perez (hereinafter, "Underinsured Motorist"), who was drunk and operating a motor vehicle southbound on Road J/Prairie Street, attempted a left turn onto South Avenue and into Plaintiff's lawful path of travel, thereby proximately causing a collision, as well as injuries and damages to Plaintiff.

6. The actions and/or omissions of Underinsured Motorist were negligent and/or wanton for the following reasons:

   a. Operating a motor vehicle while under the influence of alcohol and/or drugs;

   b. Failure to yield right of way;

   c. Improper left turn;

   d. Inattentive operation of a motor vehicle;

   e. Speeding to fast for conditions of traffic present;

   f. Failure to keep a proper lookout;

   g. Failure to use ordinary care;

   h. Failure to give warning;

   i. Failure to take evasive action;

   j. Careless driving;

   k. Reckless driving;

   l. Upon information and belief, operating a motor vehicle while using a wireless communications device to write (i.e., type), send, or read a written communication including, but not limited to, a text message, instant message, and/or email, in violation of KSA 8-15,111;

    m.    Negligence and negligence per se for violations of laws, ordinances, and/or statutes of the state of Kansas and/or the city of Emporia; and/or

    n.    Other negligent and/or wanton actions and/or omissions to be supplemented after discovery.

7. As a result of Underinsured Motorist's negligent and/or wanton actions and/or omissions, Plaintiff sustained personal injuries, including, but not limited to, a low back displaced fracture. Plaintiff's damages include past and future medical expenses; other past and future economic damages; and past and future non-economic damages, including pain, suffering, and mental anguish.

8. Plaintiff is entitled to underinsured motorist (hereinafter, "UIM") coverage under an insurance policy issued by Defendant as policy number 320 4618-D25-16 and in the amount of $100,000.00 per person. This policy is a contract that was entered into in Kansas, is a Kansas insurance policy/contract between Plaintiff and Defendant, and was in place on the date of the subject collision.

9. Underinsured Motorist was also insured by Shelter Mutual Insurance Company, which tendered its full limits of $25,000.00 of bodily injury liability coverage via email correspondence dated March 23, 2023.

10. Plaintiff wrote to Defendant on or about April 20, 2023 and pursuant to K.S.A. 40-284(f) to request permission to settle with Underinsured Motorist and his carrier, as well as to demand the remaining UIM coverage limits from Defendant, with said email including the following attachments: UIM policy dec page; Shelter/3rd party liability policy dec page, Shelter policy limits tender, as well as all authorizations required per K.S.A. 40-284(f).

11. Plaintiff has appropriately complied with all requirements of K.S.A. 40-284(f).

12. In response to Plaintiff's UIM policy limits demand, Defendant sent a June 15, 2023-dated correspondence, wherein Defendant offered $13,000.00 to settle Plaintiff's UIM claim, making said $13,000.00 offer Defendant's highest settlement tender/offer prior to the commencement of this litigation.

13. Plaintiff has made a demand upon Defendant for his injuries and damages and Defendant has failed to tender UIM limits or negotiate in good faith. Accordingly, Defendant has breached its contract with Plaintiff.

14. Defendant has refused to make a reasonable settlement offer to Plaintiff under the terms of the applicable UIM coverage contract and has refused to pay without just cause or excuse. Therefore, Plaintiff is entitled to mandatory attorney fees pursuant to K.S.A. 40-256 if judgment is rendered in excess of Defendant's last tender prior to the commencement of this action.

15. Upon information and belief, the subject UIM policy is a policy given to insure any property in Kansas against loss by fire, tornado, lightning, or hail and, as such, Plaintiff is entitled to mandatory attorney fees pursuant to K.S.A. 40-908 if judgment is rendered in excess of Defendant's last tender prior to the commencement of this action.

Plaintiff requests judgment against Defendant in excess of $75,000.00, together with the costs incurred herein, and for such other and any further relief this Court deems fair, just, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this matter.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Wichita, Kansas as the place for trial in this matter.

Respectfully Submitted,

/s/  *John C. Sucher*
John C. Sucher, #27789
Richard W. James, #19822
DEVAUGHN JAMES INJURY LAWYERS
3241 N. Toben
Wichita, KS  67226
316-977-9999
csucher @devaughnjames.com
rjames@devaughnjames.com